IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KATHLEEN D. BOGGS,** on behalf of herself and all other plaintiffs known and unknown,<br><br>Plaintiff<br><br>v.<br><br>**BROWN PRINTING COMPANY**<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **NO.** 08 CV  FILED: APRIL 8, 2008<br>  08CV1985  TG<br>Honorable Judge JUDGE HOLDERMAN<br>  MAGISTRATE JUDGE VALDEZ<br>Magistrate Judge<br><br><br>*JURY DEMAND*<br><br>*F.R.C.P. 23 CLASS ACTION DEMAND* |

**COMPLAINT**

NOW COMES Plaintiff, **KATHLEEN D. BOGGS,** on behalf of herself and all other Plaintiffs similarly situated, and by and through her attorney, JOHN W. BILLHORN, and for her Complaint against Defendant, **BROWN PRINTING COMPANY,** states as follows:

**I.     NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1, *et seq*.

**II.    JURISDICTION AND VENUE**

2.   Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq*., and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367.  Venue lies in the Northern District of Illinois in that Plaintiffs are residents of this district and Defendants are engaged in business in this district.

### III. PARTIES

3. Defendant, **BROWN PRINTING COMPANY,** (hereinafter "Defendant") is engaged in the business of providing printing services. As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA. During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff as well as the proposed class of employees and, therefore, is and was "employers" as defined under both the federal and state statutes relied upon herein.

4. Plaintiff, **KAHTLEEN D. BOGGS** (hereinafter "named Plaintiff") and all other Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") are either present or past salaried employees of Defendant. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all Plaintiffs similarly situated also were engaged in commerce as defined by the FLSA.

### IV. CLASS ALLEGATIONS

**Fair Labor Standards Act**

5. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is maintained by named Plaintiff as an opt-in representative action, for and on behalf of themselves and other past and present hourly employees similarly situated, who have been or will in the future be damaged by Defendant's failure to comply with 29 U.S.C. §201 *et. seq.* and §251 *et. seq.* Count II alleges a willful violation of the FLSA and seeks an additional, third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260. Plaintiff seeks to send Notice to all similarly situated hourly employees who have been denied proper over time compensation, as required by 29 USC Section 216(b) and supporting case law.

**Illinois Minimum Wage Law**

6. Pursuant to the Illinois Minimum Wage Law, 820 ILCS Section 105/1 *et seq.*, Count IV of this action is brought by Plaintiff as an opt-out class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, for and on behalf of all persons similarly situated. The class represented by Plaintiff consists of all persons who have been or will be employed by Defendant working as hourly employees on or after the date three (3) years prior to the filing of this action.

**Illinois Wage Payment and Collection Act**

7. Pursuant to Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1 *et seq.*, Count V of this action is brought by Plaintiff as an opt-out class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, for and on behalf of all persons similarly situated. The class represented by Plaintiff consists of all persons who have been or will be employed by Defendant working as hourly employees on or after the date five (5) years prior to the filing of this action.

V.   **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

8. The named Plaintiff and all other represented Plaintiffs, known and unknown, at all times pertinent to the cause of action, were or are employed by Defendant, said employment being integral and indispensable to Defendant's business.

9. Defendant has both in the past and presently, willfully employed represented Plaintiffs, as well as the named Plaintiff, on a "salaried" basis when, in fact, the job duties of Plaintiff did not and do not qualify under any of the exemptions established by the FLSA.

10. Plaintiff, and members of the represented class were required to work in excess of forty (40) hours in a workweek, without pay for those hours over forty (40) at a rate of time and one-half her regular hourly rate, pursuant to the requirements of the federal and state statutes herein relied upon.

11. Often, members of the represented class, as well as the named Plaintiff, were required to perform work from their home after the normal work day, all to the benefit of the employer, without pay for those hours over forty (40) at a rate of time and one-half her regular hourly rate, pursuant to the requirements of the federal and state statutes herein relied upon.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-11. Paragraphs 1 through 11 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 11 of this Count I.

12. Pursuant to Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, and the Portal-to-Portal Act 29 U.S.C. §251 *et. seq.*, named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this action.

13. Defendant has at all times relevant hereto failed and refused to pay compensation to its employees, including named Plaintiff herein, at the rate of one and one-half times their regular hourly wage rate for all hours worked over forty (40) in a work week, all as required by the F.L.S.A.

WHEREFORE, the named Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

(a) awarding back pay equal to the amount of all unpaid compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid compensation;

(c) awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-11 Paragraphs 1 through 11 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 11 of Count II.

12. Defendant has, both in the past and presently, willfully failed to pay named Plaintiff and members of the Plaintiff Class for work weeks in excess of forty (40) hours per week at a rate equal of one and one-half times their regular rate of pay, despite the fact that Defendant knew, or should have known, of the requirements of the Fair Labor Standards Act.

13. Defendant continues a pattern of deliberate, voluntary, intentional, and willful violation of the Fair Labor Standards Act.

14. Pursuant to the Fair Labor Standards Act, Plaintiff, and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) in any given week in the three (3) years preceding the filing of this complaint.

WHEREFORE, the named Plaintiff, on behalf of herself, and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

(a)    awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)    awarding prejudgment interest with respect to the amount of unpaid compensation;

(c)    awarding Plaintiff's reasonable attorney's fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d)    for such additional relief as the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES

## UNDER THE FAIR LABOR STANDARDS ACT

1-11. Paragraphs 1 through 11 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 11 of Count III.

12. In denying named Plaintiff's and members of the Plaintiff Class compensation at a rate of one and one-half their hourly rate of pay for hours worked over forty (40) in a workweek, Defendant's acts were not based upon good faith or reasonable grounds.

13. The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, the named Plaintiff, on behalf of herself, and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT IV

## RULE 23 SUPPLEMENTAL STATE COURT CLAIM

## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-11. Paragraphs 1 through 11 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 11 of this Count IV.

12. The Illinois Minimum Wage Law provides one and one half times their regular rate of pay must be paid to employees for work performed in excess of 40 hours in a workweek.

13. Defendant's failure to pay the overtime wages as described has been willful and/or in bad faith.

WHEREFORE, the named Plaintiff requests this Court to enter an Order:

(a) declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and members of the Plaintiff class are entitled;

Plaintiff further requests that:

(c) this Court retain jurisdiction of the case until such time as it is assured that Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) this Court order Defendant pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e) this Court approve this action to proceed pursuant to the provisions of F.R.C.P. 23.

(f) this Court award whatever additional relief it deems just and appropriate under the circumstances.

## COUNT V

## RULE 23 SUPPLEMENTAL STATE COURT CLAIM

## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1-11. Paragraphs 1 through 11 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 11 of this Count V.

12. The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties, . . . .". Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses . . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties".

13. As part of the employment agreement between parties herein Defendant agreed they would pay compensation in compliance with state and federal law.

14. The Illinois Wage Payment and Collection Act, Section 4 provides that "[A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid

to such employee not later than 13 days after the end of the pay period in which such wages were earned". Plaintiff herein, and other absent Plaintiffs, have been denied payment of rightful overtime wages for varying amounts of time in excess of 13 days from the time the overtime pay was earned.

15.   The Illinois Wage Payment and Collection Act, Section 5, provides that "[E]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. Plaintiff herein has been denied payment of their rightful overtime wages for varying amounts of time in excess of the next scheduled pay day after their separation.

16.   Defendant's acts as complained of herein and described above, namely the continuing refusal and failure to pay the earned overtime wages to Plaintiff and the Plaintiff class, constitutes a violation of the Illinois Wage Payment and Collection Act.

**WHEREFORE,** the named Plaintiff requests this Court to enter an Order:

(a)   declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Wage Payment and Collection Act;

(b)   awarding an amount of damages, to be shown by the evidence, to which Plaintiff, and other members of the Plaintiff class are entitled;

Plaintiff further requests that:

(c)   this Court retain jurisdiction of the case until such time as it is assured that Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) this Court order Defendant to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e) this Court approve this action to proceed pursuant to the provisions of F.R.C.P. 23.

(f) this Court award whatever additional relief it deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 4/08/2008*

*s/ John W. Billhorn*

_____

John W. Billhorn, attorney for Plaintiff, and all other Plaintiffs similarly situated, known or unknown.

BILLHORN LAW FIRM
515 N. State Street / Suite 2200
Chicago, IL 60610
(312) 464-1450

BILLHORN
LAW
FIRM

# CONSENT TO BE PARTY PLAINTIFF

This agreement, entered into on this 5th day of March, 2008, between **KATHLEEN D. BOGGS** (Client) and John W. Billhorn, (Attorney), hereby authorizes and engages the Billhorn Law Firm to pursue back wages and other relief against **BROWN PRINTING COMPANY,** and by the signature below, **KATHLEEN D. BOGGS,** hereby consents to be a party Plaintiff in said law suit.

*/s/ Kathleen D. Boggs*
CLIENT'S SIGNATURE